IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alex Alvarez,<br><br>        Plaintiff,<br>vs.<br><br>The Davey Tree Expert Company, LLC<br><br>        Defendant. | Civil Action No.:  2:22-cv-01942-BHH-MGB<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiff above named, complaining of the acts of the above-named Defendant, states as follows:

PARTIES AND JURISDICTION

1. Plaintiff, Alex Alvarez ("Plaintiff"), is a resident of the State of Florida.

2. Upon information and belief, the Defendant the Davey Tree Expert Company ("Defendant") is a corporation doing business and maintaining offices and agents in the County of Charleston, State of South Carolina.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e ("Title VII") and 42 U.S.C. §1981.

4. Venue for all causes of action stated herein lies in the District of South Carolina, Charleston Division pursuant to 28 U.S.C. § 1391(b), in that Defendants do business in the district, and a substantial part of the events giving rise to Plaintiff's claims occurred in the district.

5. Defendant is subject to Title VII and 42 U.S.C. §1981.

6. Plaintiff timely filed his complaint with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC") alleging

discrimination based upon national origin. Plaintiff's charge of discrimination also included an allegation of retaliation, and hostile work environment.

7. On or about February 2, 2024, Plaintiff received a right to sue notice from the EEOC regarding the complaint described above.

8. That Plaintiff timely filed the foregoing action within ninety (90) days of the date on which he received the notice of right to sue described above.

9. Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of this action.

10. Plaintiff's national origin is Cuban.

11. In or around November 2022, Plaintiff was hired by Defendant as a tree trimmer.

12. While employed with Defendant and prior to making any complaints, Plaintiff did not receive any disciplinary actions and was a model employee.

13. As a tree trimmer, Plaintiff's direct supervisor was Emilio Gomila ("Gomila") (Cuban).

14. Plaintiff worked with Jose Gutierrez, a machine operator ("Gutierrez")(Mexican).

15. Serafin Guzman was a foreman who worked with Plaintiff ("Guzman")(Mexican)

16. Gomila supervised the general foreman, a position filled by Jorge Sanchez ("Sanchez") (Cuban).

17. Gomila's direct supervisor was the General Manager, Dennis Jenkins ("Jenkins") (Caucasian).

18. Beginning in December 2022, Jenkins, Guzman, and Gutierrez began making comments that "Cubans are lazy," "Cubans are slow," and other derogatory statements based on national origin.

19. At or near the time Jenkins, Guzman, and Gutierrez made these statements, Plaintiff reported them to Sanchez and Gomila.

20. Between January 2023 and May 2023, Jenkins continued to make derogatory comments about Cubans, including Plaintiff.

21. Between January 2023 and August 2023, Plaintiff encouraged others to report instances of discrimination, retaliation, and hostile work environment.

22. After Defendant learned Plaintiff was discussing engaging in protecting activity with other employees, Defendant intensified its campaign of discrimination, retaliation, and hostile work environment.

23. By way of example, in January 2023, Defendant decreased Plaintiff's pay.

24. In March 2023, Plaintiff applied for a position as a general foreman. Defendant denied Plaintiff the position.

25. In April 2023, Plaintiff was disciplined and suspended from work. Defendant's stated reason for the suspension was because Plaintiff disclosed his pay rate to other employees.

26. In May 2023, Defendant began reducing Plaintiff's working hours stating he was "not qualified to do the job."

27. On or about May 21, 2023, Plaintiff complained to Agosto about the discrimination and harassment he was being subjected to by Defendant.

28. No action was taken by Defendant to address Plaintiff's complaint to Agosto. Instead, he was subjected to further bullying and unfair treatment by Defendant and its employees.

29. On or about June 25, 2023, Plaintiff complained to the chief executive officer, Patrick Covey ("Covey") (Caucasian) about the discrimination, harassment, and retaliation he was subjected to by Defendant.

30. No action was taken to address Plaintiff's complaint to Covey. Instead, he was subjected to further bullying and unfair treatment by Defendant and its employees.

31. On or about June 27, 2023, Plaintiff filed a complaint through "Ethics Point." Upon information and belief, "Ethics Point" is Defendant's internal reporting system.

32. On or about July 19, 2023, Plaintiff made a complaint with the South Carolina Human Affairs Commission regarding the acts of discrimination, retaliation, and hostile work environment he was subjected to by Defendant.

33. On August 3, 2023, a representative from "Ethics Point" contacted Plaintiff to inform him the investigation into his complaint was completed.

34. On August 4, 2023, Plaintiff's employment was terminated.

35. The reason Plaintiff was given for his termination was due to a "lack of work" available to assign Plaintiff.

FOR A FIRST CAUSE OF ACTION:
VIOLATION OF TITLE VII
DISCRIMINATION

36. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

37. Plaintiff is a member of a protected class under Title VII, because his national origin is Cuban.

38. Throughout his employment with Defendants, Plaintiff was performing his job satisfactorily.

39. Plaintiff was subjected to adverse employment actions by his employer and agents of his employer including, but not limited to, bullying, intimidation, unequal and unfair assignments,

denied a promotion, having his pay decreased, and being discharged from his employment with Defendant.

40. Plaintiff's treatment was different from similarly situated employees outside his protected class. By way of example, Plaintiff was limited in the duties he was given when other Non-Cuban employees were not. Plaintiff was also assigned less desirable and lower paying assignments than others outside of his protected class.

41. Defendant's behavior humiliated Plaintiff, unreasonably interfered with his work performance, affected the terms, conditions, and privileges of his employment and otherwise caused Plaintiff severe psychological and physical harm.

42. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

43. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from the Defendant.

FOR A SECOND CAUSE OF ACTION:
VIOLATION OF TITLE VII
RETALIATION

44. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

45. That as alleged above, Plaintiff complained to Defendant that he was being discriminated against based on his national origin.

46. Plaintiff also encouraged others to speak up against discrimination, retaliation, and a hostile work environment.

47. That Plaintiff's actions constitute protected activity under Title VII.

48. Defendant's actions as alleged above created a work environment that a reasonable person would find to be harassing, hostile, and abusive.

49. Despite being notified of the above-mentioned conduct, Defendant wholly failed to take prompt and effective remedial action to end the illegal conduct and Defendant, and, in retaliation for making complaints of discrimination, Defendant continued to subject Plaintiff to national origin-based discrimination in violation of Title VII.

50. Subsequent to and in retaliation for Plaintiff engaging in activity protected by Title VII, Defendant created and allowed the work environment to be so hostile that no person could have withstood such treatment.

51. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

52. Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## FOR A THIRD CAUSE OF ACTION:
## VIOLATION OF TITLE VII
## HOSTILE WORK ENVIRONMENT

53. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

54. During Plaintiff's employment, he was subjected to an unwelcome and hostile environment created by Defendant and its agents.

55. The hostile environment Plaintiff was subjected to was based on his national origin and making complaints about discrimination.

56. Defendant's behavior humiliated Plaintiff, unreasonably interfered with his work performance, affected the terms, conditions, and privileges of his employment and otherwise caused Plaintiff severe psychological and physical harm.

57. The hostile environment was sufficiently severe and pervasive to alter the conditions of his employment. Specifically, Defendant knew about, created, cultivated, and allowed the work environment to be so hostile that no reasonable person could endure it.

58. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

59. Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendant.

WHEREFORE, Plaintiff requests a jury trial for each cause of action and Plaintiff prays for the following relief against Defendants: for such amount of actual and special damages as the trier of fact may find, (including lost back and future wages, income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, and physical and personal injuries), punitive damages, the cost and disbursements of this action, including reasonable attorneys' fees, prejudgment interest and for such other and further relief as the court deems just and proper.

RESPECTFULLY SUBMITTED,

FERGUSON LAW AND MEDIATION, LLC

s/ *Emmanuel J. Ferguson, Sr.*
Emmanuel J. Ferguson, Sr.
Federal Bar #11941
171 Church Street, Suite 160
Charleston, South Carolina 29204
(843) 491- 4890 telephone

emmanuel@fergusonlaborlaw.com

*Attorney for Plaintiff*

April 30, 2024
Charleston, South Carolina